**Raul U. CUYUN–ROSALES, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–73631.**

United States Court of Appeals, Ninth Circuit.

Submitted March 12, 2013.*

Filed April 3, 2013.

Audra Rose Behne, Law Office of Audra R. Behne, A Professional Corporation, Encino, CA, for Petitioner.

Jacob Bashyrov, Esquire, Justin Robert Markel, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: PREGERSON, REINHARDT, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Raul U. Cuyun–Rosales, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law. *Delgado–Hernandez v. Holder*, 697 F.3d 1125, 1126 (9th Cir.2012) (per curiam). We dismiss the petition for review.

We lack jurisdiction to review the agency's removal order because Cuyun–Rosales's conviction for kidnapping under California Penal Code § 207(a) categorically constitutes an aggravated-felony crime of violence under 8 U.S.C. § 1101(a)(43)(F) that renders him removable under 8 U.S.C. § 1227(a)(2)(A)(iii). *See* 8 U.S.C. § 1252(a)(2)(C) (eliminating jurisdiction to review removal orders predicated on convictions for aggravated felonies); *see also Delgado–Hernandez*, 697 F.3d at 1133 ("[A]n ordinary kidnapping under [California Penal Code] § 207(a) is a crime of violence because it results in a substantial risk of force.").

Cuyun–Rosales contends that his offense does not categorically constitute a crime of violence because the statute of conviction is both overbroad and missing an element

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

of the generic definition of kidnapping. Because this court's case law forecloses Cuyun–Rosales's contentions, they are not questions of law sufficiently colorable to invoke our jurisdiction under 8 U.S.C. § 1252(a)(2)(D). *See Mendez–Castro v. Mukasey,* 552 F.3d 975, 978 (9th Cir.2009) ("To be colorable in this context, ... the claim [or question] must have some possible validity." (citation omitted)); *see also Delgado–Hernandez,* 697 F.3d at 1127 ("Because [California Penal Code] § 207(a) is categorically a crime of violence, we need not rely on the modified categorical analysis.").

**PETITION FOR REVIEW DIS-MISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.